IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC. | : | CIVIL ACTION |
| | : | NO. 14-3226 |
| v. | : | |
| | : | |
| MANUEL PUENTENUEVA, et al. | : | |
| | : | |
| O'NEILL, J. | : | December 22, 2014 |

## MEMORANDUM

Plaintiff J & J Sports Productions, Inc. brings this action against defendants Casa de Espana, Inc. and Manuel Puntenueva individually and doing business as Casa de Espana alleging violations of 47 U.S.C. § 605 et seq., 47 U.S.C. § 553 et seq. and for conversion. Before me now are plaintiff's motion for default judgment (Dkt. No. 6) and defendants' damages brief (Dkt. No. 13). For the reasons that follow I will grant plaintiff's motion.

## BACKGROUND

Plaintiff is an international distributor of sports and entertainment programming. Plaintiff held the domestic commercial exhibition rights to broadcast a championship boxing match and related programming between Manny Pacquiao and Timothy Bradley on June 9, 2012. Commercial establishments entered into sublicensing agreements with plaintiff in order to lawfully display the match.

On June 6, 2014, plaintiff filed a complaint alleging that defendants unlawfully intercepted and exhibited the match at Casa de Espana, a bar located at 4210 Whitaker Avenue in Philadelphia, Pennsylvania. On November 3, 2014, the Clerk of Court entered a default against defendants on plaintiff's motion. On November 11, 2014, plaintiff moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and on December 16, 2014 an assessment of

damages hearing was held.  Defendants, represented by counsel, submitted a brief on the issue of damages and appeared at the damages hearing.  Defendants did not contest the entry of default judgment but only the amount of damages requested by plaintiff in its motion.

## DISCUSSION

### I. Default Judgment

Following an entry of default by the Clerk of Court, courts may enter default judgment against the defaulting party pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 55.  Upon default, a plaintiff's "well-pleaded allegations are admitted and accepted, but the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages."  See E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009).  "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Entry of a default judgment is reviewed for abuse of discretion.  See id.  Defendants do not contest that entry of a default judgment is appropriate in this case.  There would be prejudice to plaintiff if a default judgment were denied because defendants have no intention of putting on a defense and do not contend there is a litigable defense.

### II. Applicable Law

Plaintiff brings this action pursuant to two federal statutory provisions: 47 U.S.C. § 605 and § 553.  Section 605 governs the unauthorized interception of satellite broadcasts, while § 553 governs the unauthorized interception of cable communications.  See TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 205 (3d Cir. 2001) (distinguishing the two provisions).  Plaintiff

brought this action under both sections because, given defendants' default, it was unsure of what method defendants used to intercept the match. See Dkt. No. 6-1 at 7. Where a violation of either § 605 or § 553 has occurred but the facts are indeterminate as to which provision was violated at the default judgment stage, "[a] presumption in favor of [applying] § 553 is the more principled and persuasive approach." Joe Hand Promotions, Inc. v. Yakubets, No. 12-4583, 2013 WL 5224123, at *4 (E.D. Pa. Sept. 17, 2013) (considering that a presumption in favor of § 605 would be unfair given the greater damages available under that section and that a § 553 presumption in indeterminate cases is more practical based on the ease of concealing cable interception compared to satellite interception). The parties do not dispute that the application of § 553 is proper in this case. Thus, I will apply § 553 to determine the damages available to plaintiff arising from defendants' unauthorized exhibition of the match. Additionally, plaintiff does not move for default judgment on its conversion claim. Thus, I will next consider plaintiff's claim under § 553.

**III.   Damages**

Plaintiff requests statutory damages pursuant to § 553(c)(3)(A)(ii), which provides for damages not less than $250.00 and not more than $10,000.00 for each violation "as the court considers just." § 553(c)(3)(A)(ii). Plaintiff also seeks enhanced damages pursuant to § 553(c)(3)(B), which are available in the court's discretion up to $50,000.00 where "the violation was committed willfully and for purposes of commercial advantage or private financial gain[.]" § 553(c)(3)(B). Plaintiff asks for an award of full statutory damages of $10,000.00 and $30,000.00 in enhanced damages. See Dkt. No. 6-1 at 13.

### A. Statutory Damages

Courts have employed two different methods in calculating statutory damages under § 553, an approach that attempts to estimate actual damages and a "flat sum" approach that may also incorporate deterrence considerations into the statutory damages calculation. I agree that "the aim of statutory damages is to estimate actual damages[.]" Joe Hand Promotions, Inc. v. Yakubets, No. 12-4583, 2014 WL 960787, at *10 (E.D. Pa. Mar. 11, 2014); see also Charter Commc'ns Entm't I, DST v. Burdulis, 460 460 F.3d 168, 181 (1st Cir. 2006) (same). Deterrence is thus properly considered in the award of enhanced damages under § 553(c)(3)(B), not in the statutory damages calculation. Cf. Kingvision Pay-Per-View, LTD. v. Lardo, No. 10-0059, 2010 WL 3463316, at *3 (W.D. Pa. Sept. 1, 2010) (considering deterrence in awarding statutory damages under flat sum approach).

In determining statutory damages, courts "should begin by asking what the defendant would have paid had he sought to obtain a lawful license." Yakubets, 2014 WL 960787, at *10. Plaintiff attaches its sublicensing rate sheet as part of its Rule 902(11) affidavit. See Dkt. No. 6-4. At the damages hearing, Puentenueva testified that the capacity of Case de Espana was fewer than 100 persons.[1] Pursuant to plaintiff's rate sheet, the sublicensing fee for the match would have been $2,200.00. See Dkt. No. 6-4.

---

[1] Plaintiff has attached an affidavit by its investigator to its motion for default judgment stating that the seating capacity of Casa de Espana was 150 persons, which would incur a higher fee under plaintiffs sublicensing schedule. See Dkt. No. 6-3. Courts may rely upon detailed affidavits submitted by the parties instead of holding an evidentiary hearing to determine damages on default judgment. See E. Elec. Corp. of N.J. v. Shoemaker Cons. Co., 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009). However, where the affiant does not testify in court subject to cross-examination and there is a dispute of fact between the affidavit and a testifying witness, the court will not rely upon the affidavit. See Transportes Aereos De Angola v. Jet Traders Inv. Corp., 624 F. Supp. 264, 266 (D. Del. 1985) (noting that "detailed affidavits . . . are and adequate substitute for live testimony" where the defendant had not contested the damages

Next, the court should consider any of the defendants' profits that are attributable to the violation. See Yakubets, 2014 WL 960787, at *10. Puentenueva testified at the damages hearing that he made $200.00 in additional profits from displaying the match. Plaintiff also contends that at the time of the match there was a cover charge of $10 to enter the establishment and that there were 40 patrons in the bar. At the hearing, Puentenueva disputed that there was a cover charge, but defendants' damages brief accepts the cover charge as a basis for calculating enhanced damages. See Dkt. No. 13. Thus, I will assume a $400.00 profit stemming from the cover charge in calculating statutory damages. In total, $2,800.00 is a fair estimation of statutory damages that tracks the actual damages suffered by plaintiff and any unjust gains by defendants.

B.   **Enhanced Damages**

At the damages hearing, defendants conceded that enhanced damages are appropriate. There is no dispute that the violation here was willful and undertaken for financial gain or commercial advantage. Of course, the "particular nature of cable programming and the means to intercept it" raises a presumption of willfulness. Yakubets, 2014 WL 960787 WL 960787, at *15. Additionally, while Puentenueva testified that display of the match was ultimately ineffective at bringing in business, it was clearly intended to increase patronage at Casa de Espana that evening.

---

and no evidentiary hearing was held); Summit Trust Co. v. Paul Ellis Inv. Associates, LLC, No. 12-6672, 2013 WL 3967602, at *4 (E.D. Pa. Aug. 2, 2013) ("A hearing may not be necessary where the defendant has not entered any appearance and detailed affidavits and documentary evidence sufficient to determine the amount of damages as a sum certain…have been submitted"). Here, I conducted an evidentiary hearing in which Puentenueva disputed factual assertions in the affidavit submitted by plaintiff's non-testifying investigator regarding the seating capacity of the establishment. In this situation, I will not consider the non-testifying investigator's affidavit because no hearsay exception applies. The sublicensing fee schedule attached to plaintiff's affidavit by its President Joseph Gagliardi is admissiable as a business record pursuant to Federal Rule of Evidence 902(11). See Dkt. No. 6-4.

In calculating enhanced damages, the dual goals of specific and general deterrence are best achieved by the application of a multiplier to the statutory damages award.  See Yakubets, 2014 WL 960787, at *19 (analyzing statutory structure and congressional intent).  Courts have awarded between three and six times statutory damages when determining an enhancement award under § 553 and § 605.  See id., citing J & J Sports Prods., Inc. v. Ribeiro, 562 F. Supp. 2d 498, 502 (S.D.N.Y. 2008).  Courts have also considered certain aggravating factors warranting higher enhanced damages.[2]  In this case, the only aggravating factor alleged is a cover charge.  At the hearing, Puentenueva testified that he had no knowledge a cover charge was taken.  Regardless, the statutory damages calculation has already disgorged any profit gained from the cover charge to see the match.

Thus, I will award a three times multiplier to statutory damages consistent with enhanced damages multipliers applied in this district to reach an enhanced damages award of $8,400.00.  See Yakubets, 2014 WL 960787, at *19 (awarding enhanced damages of treble statutory damages under § 553); Kingvision Pay-Per-View, LTD. v. Lardo, No. 10-0059, 2010 WL 3463316, at *4 (W.D. Pa. Sept. 1, 2010) (same under § 605).  I find that this enhancement provides a sufficient deterrent as contemplated by the statute.  Combined with the statutory damages award of $2,800.00, I will award plaintiff total damages in the amount of $11,200.00.

---

[2] "[A] court may consider (1) whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether it reaped substantial profits from the unauthorized exhibition in question; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant advertised its intent to broadcast the event; and (5) whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast."  Joe Hand Promotions, Inc. v. Waldron, No. 11-849, 2013 WL 1007398, at *7 (D.N.J. Mar. 13, 2013), citing Kingvision Pay-Per-View Ltd. v. Rodriguez, No. 02-7972, 2003 WL 548891, at *2 (S.D.N.Y. Feb. 25, 2003).

Plaintiff also moves for leave to file a brief requesting attorney's fees pursuant to § 553(c)(2)(C). <u>See</u> Dkt. No. 6-1 at 17. I will grant it leave to file a brief requesting costs and attorney's fees. Plaintiff shall submit an itemized time sheet with its brief. Additionally, plaintiff "bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." <u>Smith v. Phila. Hous. Autho.</u>, 107 F.3d 223, 225 (3d. Cir. 1997).

An appropriate Order follows.